```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**GARY QUIRK,**

        **Plaintiff,**

    **vs.**　　　　　　　　　　　　　**CIVIL ACTION**
　　　　　　　　　　　　　　　　　　**No. 09-3221-SAC**

**PAUL FELECIANO, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

    This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody. The defendants are members of the Kansas Parole Board and an administrator of the Kansas Parole Board.

    Plaintiff was released by the Kansas Parole Board in May 2005. In June 2008, he was returned to custody following a parole violation. Following a hearing, he received a three-year revocation term. In this action, he alleges he was entitled to release after service of 90 days. He claims that during revocation procedings, his right to procedural due process was violated, that he was denied a state-created liberty interest, and that he was subjected to arbitrary and capricious treatment. He seeks declaratory relief, damages, costs, and other, unspecified relief.

In a separate action, Case No. 09-3209, plaintiff sought habeas corpus relief from the imposition of the three-year revocation term. On January 19, 2011, the court granted respondent's motion to dismiss that matter due to plaintiff's failure to exhaust state court remedies.

Having considered the record, the court finds plaintiff cannot pursue a claim under 42 U.S.C. § 1983 at this time. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the United States Supreme Court held that an action under § 1983 cannot be used to challenge the validity of a prisoner's conviction or confinement. *Id.* at 480-82. ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). The *Heck* decision also bars a claim for damages under § 1983 where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Id.* at 481-82.

The Tenth Circuit has extended the *Heck* holding to challenges to the revocation of parole. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (applying *Heck* to "proceedings that call into question the fact or duration of parole or probation.").

Therefore, before plaintiff may pursue relief under §1983

for arising from denial of due process in the revocation of parole without due process, he must show that the parole revocation "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 487. *See Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005)("a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ... *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Accordingly, the court will dismiss this matter without prejudice as barred by *Heck*.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice. Plaintiff may move to reopen this matter upon a showing that he has obtained relief from the parole revocation he challenges in this matter.

IT IS FURTHER ORDERED plaintiff's motions for leave to proceed in forma pauperis (Docs. 2 and 4) are granted.

IT IS FURTHER ORDERED plaintiff's motion for default judgment (Doc. 6) is denied as moot.

A copy of this Memorandum and Order shall be transmitted to

the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 26th day of January, 2011.


                              S/ Sam A. Crow
                              SAM A. CROW
                              United States Senior District Judge